UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20207-CR-SEITZ

UNITED STATES OF AMERICA,

v.

SHANNON DAWSON,

    Defendant.
_____/

**ORDER DENYING DEFENDANT SHANNON DAWSON'S
MOTION TO EARLY TERMINATE SUPERVISED RELEASE**

THIS MATTER is before the Court on Defendant Dawson's Motion to Early Terminate Supervised Release [DE 147] presently scheduled to end in March 2024.  The Government responded [DE-148] opposing the motion citing specific 18 USC §3553(a) factors for its position and noting that the Defendant has simply complied with the expected requirements of Supervised Release.  The Defendant's US Probation Officer also opposes the motion primarily based on his criminal history which included acts of violence and some §3553(a) factors. The Court has considered the motion, the Government's and USPO's responses, the record and the §3553(a) factors and will deny the motion.  Should the Defendant's recent arrest be successfully resolved and the Defendant submit evidence that arises above and beyond mere compliance as outlined in this Order, the Defendant may resubmit his motion.

    I. BACKGROUND

In November 2006, after a jury trial in which he was found guilty of five counts, Defendant was sentenced to a term of 420 months imprisonment followed by eight years of

1

supervised release.  Three of his charges were for violations of 21 USC §§ 841(a)(1) and 851: possession of cocaine with intent to distribute; possession of 5 or more grams of crack with intent to distribute, and possession of marijuana with intent to distribute.  Two more charges were weapons related: a violation of 18 USC §924(c)(1)(A) for possession of a firearm during a drug trafficking crime and a violation of 18 USC § 922(g)(1) and 924(e) for possession of a firearm by a convicted felon.  In April 2008, his sentence was corrected per Fed. R. Crim. P 35(a) reducing his term of imprisonment from 420 months to 240 months. On March 28, 2018, pursuant to a 28 USC §2255 Motion, his sentence was further lowered from 240 months to 160 months.

   Mr. Dawson was 28 years old when he came into the federal system with a history of an extensive involvement in the state criminal justice system beginning at age 14. He served approximately 12 years in federal custody. During his federal custody he had several disciplinary incidents between 2007 and 2014 ranging from using another inmate's personal pin, to using intoxications, to refusing to work, destroying property, refusing to obey orders and insolence to staff. He appears to have enrolled in GED courses, but it is unclear if he obtained a GED.

   His term of federal supervised release began on March 29, 2018 and as mentioned will expire on March 28, 2024. He is now 43 years old.

   For the almost past 4 years, Mr. Dawson has participated in substance abuse and mental health treatment programs, has complied with all his conditions of supervised release including satisfying his special assessment and DNA testing requirements.  All drug tests have yielded

negative results.  Up to just recently, his criminal history inquiries did not indicate new arrests or warrants. However, he recently reported a state arrest.

Mr. Dawson has maintained a stable residence with his mother and children.  He has five children over 18.  Since the beginning of supervised release, he has maintained stable employment as a mobile detailer, working Monday through Friday.  However, he is paid via cash, has no set wage, does not appear to have been promoted, and does not have any savings.  He has filed his income tax returns and spent his refunds. This raises questions as to his financial resiliency.  Also, the Court has no information as to his pro social conduct or activities and contributions to improving the community.

II. ANALYSIS

Mr. Dawson is to be commended for the positive things he has accomplished since he started supervision nearly four years ago, including stable employment and housing, and no incidents of drug use.  However, even before receiving notice that Mr. Dawson just reported a recent state arrest, the information the Court has reflects that Mr. Dawson has been simply complying with the minimum requirements of supervised release.  To support the granting of his motion for early termination, Mr. Dawson needs to provide evidence of conduct and accomplishments beyond that which is simply required of him.   Specially, he needs to demonstrate he has successfully re-entered the community (stable family and home), financial resiliency (effective budgeting, efforts to improve his credit score, savings account), consistent, stable employment with long-term prospects to support himself, his family and evidence that he is actively involved in pro social activities to make this community a better.   These are the

matters that the Court considers as it conducts the §3553(a) factors analysis as required by 18 U.S.C. §3583(e)(1).

Based on the present record, the Court does not have the evidence that would justify a grant of early termination when considering the §3553(a) factors. Thus, the Court will deny Defendant's Motion for Early Termination of Supervised Release at this time.

Before the Defendant may resubmit a motion for early termination of supervised release, two things must happen. First, the recent state arrest must be resolved to the Court's satisfaction. Second, the Defendant must provide evidence of a solid track record of conduct beyond mere compliance, such as outlined above, demonstrating his stable, pro social re-integration into the community including financial resiliency and pro social activities for the betterment of the community. The Defendant has talents and abilities that can make the community better. The Court hopes that he uses them to achieve his desired goal of early termination of supervised release. The Court urges him to work with his US Probation Officer to develop a concrete plan to do so including participating in CARE Court if he is eligible.

For these reasons, it is

**ORDERED** that Defendant Shannon Dawson's Motion to Early Terminate Supervised Release [DE 147] is DENIED without prejudice.

DONE AND ORDERED in Miami, Florida, this 10th day of December 2021.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   All counsel of record
      SUSPO Frank Ardino
      USPO Maria Villacis